# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER WYMA, # Y-20504, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-962-NJR |
| ) | |
| WARDEN OF MENARD, ) | |
| and UNKNOWN PARTY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Christopher Wyma, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center ("Menard"), recently filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his medical condition has caused him to be unable to keep food and liquids down. As a result, he has lost a significant amount of weight and is suffering serious health problems, which may include malnutrition and vitamin deficiency. A prison doctor's attempt to refer Plaintiff to an outside specialist for evaluation has been denied, and it appears that Plaintiff's current doctor will not make another referral.

The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Before this action may move forward, however, Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 5) must be addressed. Prior to filing this action, Plaintiff had "struck out" by having three lawsuits dismissed as frivolous, malicious, or for failure to state a claim.[1] *See* 28 U.S.C. § 1915(g).[2] Therefore, this Court must determine whether Plaintiff is

---

[1] Plaintiff's strikes include *Wyma v. Nolan, et al.*, Case No. 16-cv-6687 (N.D. Ill., dismissed July 28, 2016, for failure to state a claim); *Wyma v. Cook Cnty. Jail, et al.*, Case No. 16-cv-4791 (N.D. Ill., dismissed Aug. 3, 2016, for failure to state a claim); *Wyma v. Cook Cnty., et al.*, Case No. 16-cv-9944 (N.D. Ill., dismissed May 22, 2017, for failure to state a claim).

1

"under imminent danger of serious physical injury," such that he should be allowed to proceed IFP, despite the fact that he has struck out.

As discussed below, Plaintiff's IFP motion will be granted, and this matter shall be referred to a United States Magistrate Judge for further proceedings.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

## The Complaint

Here, Plaintiff's Complaint and attachments contain allegations that lead the Court to conclude that he could be under imminent danger of serious physical injury. He alleges that beginning in September 2017, he began regurgitating food and liquid after eating or drinking. (Doc. 1, p. 6). The problem worsened over time to the point he was only able to keep about half his food and beverages down. He began losing weight and sought medical attention. Treatment

---

[2] Section 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

with antibiotics and a medical pass to eat in his cell did not help.

Plaintiff saw a specialist (Dr. Siddiqui) who prescribed Reglan to suppress vomiting. Dr. Siddiqui also opined that the problem could be caused by cancer, but he did not order tests because he considered Plaintiff to be too young to have cancer. (Doc. 1, p. 6). The Reglan did not help; Plaintiff's inability to retain food got worse, and he continued to lose weight. (Doc. 1, p. 7). He began to have throat pain when attempting to swallow. The contents of his stomach began to come out through Plaintiff's nose while he slept, which would cause him to choke, vomit, and be unable to breathe.

Another doctor ran unspecified tests, but Plaintiff never got the results. Plaintiff told a doctor that he was unable to take medication in capsules because of the regurgitation. After that, he was given medications in tablet form which helped them stay down. (Doc. 1, p. 7).

On February 27, 2018, Plaintiff filed an emergency grievance because he was continuing to lose weight, but he was not being given follow-up appointments or further tests. (Doc. 1, pp. 5, 8, 15, 20-21). He indicates that the grievance was "processed as an emergency" on approximately March 2, 2018. (Doc. 1, pp. 5, 15). He attaches a response dated March 5, 2018, which states that Plaintiff saw a nurse practitioner for lab work on January 31, 2018, had an x-ray on February 7, 2018, and was "scheduled for a follow up appointment." (Doc. 1, p. 19).

Plaintiff's symptoms include: excessive weight loss; headaches lasting over 24 hours; pain in his chest/sternum, gums/mouth/jaw, throat, earaches, and pain while swallowing; sores and swelling in his mouth; trouble breathing when eating/drinking; severe weakness and "shakes;" lack of bowel movements and severe pain when bowels do move; visual impairment and sensitivity to light; pale, sensitive, dry, flaking, and cracking skin; blood in his urine; flu-like symptoms every other day; tingling in his face when eating; and inability to keep flour products

(e.g. bread) down. (Doc. 1, p. 8). He is sleeping over twelve hours per day and believes his body is "shutting down." (Doc. 1, pp. 8-9).

On March 7, 2018, a nurse tried to draw blood, but was unable to do so despite using two different size needles in four different spots on Plaintiff's body. (Doc. 1, p. 9). The nurse believed Plaintiff was dehydrated and not getting enough nutrition. Plaintiff saw Dr. Siddiqui on the same day; he opined that Plaintiff was "just refusing to eat." *Id.* When Plaintiff asked about his blood work, Dr. Siddiqui said he was vitamin deficient and was losing too much weight. He prescribed vitamins and a "Boost" supplement. Plaintiff asked for a referral for surgery or for a scope to examine his throat. Dr. Siddiqui said he would request it but it would be denied because the "'state' doesn't like wasting money." (Doc. 1, p. 10). Plaintiff attaches a form documenting that Dr. Siddiqui requested a GI evaluation for him on March 16, 2018, but the evaluation was not approved. (Doc. 1, p. 16).

Plaintiff was told that as soon as his vitamin levels were normal and he gained a couple of pounds, he would be taken off the vitamins and Boost.[3] If this happens, Plaintiff believes his experience over the last several months shows that he will continue to lose weight. He claims that he still cannot eat or drink much of anything, and most of the Boost comes back up. He continues to experience the majority of the symptoms he had before getting the vitamins and supplement. (Doc. 1, p. 11).

Plaintiff alleges that he has lost more than 50 pounds since these symptoms began. (Doc. 1, p. 11; Doc. 1-1, p. 1). Despite his ongoing symptoms and inability to eat or drink normally, the doctor has refused to refer Plaintiff to a specialist and described his condition as "normal." (Doc. 1, p. 11). A doctor's request for a surgical evaluation was denied. *Id.*

---

[3] In an attached letter, Plaintiff states that on March 15, 2018, nurses took him off the Boost supplement. (Doc. 1, p. 18).

On April 2, 2018, Plaintiff saw Dr. Siddiqui, and learned from the doctor that he had lost another 5-7 pounds despite taking the Boost. Dr. Siddiqui said he "hopes" Plaintiff gains some weight in the next few months. *Id.*

Over the past six months, Plaintiff's symptoms have continued to worsen. He feels weak and sick all day, cannot exercise, and is "literally bed-ridden day and night." (Doc. 1, p. 12). His ribs show, his skin is sagging, and he has lost all his muscle. He has sharp pain when swallowing, and worse pain when the food comes back up. Despite the six months during which Plaintiff has sought medical assistance and been tested by prison medical providers, nothing has been done to evaluate or diagnose his serious condition. (Doc. 1, p. 13).

Plaintiff is suing the Warden of Menard in his official capacity because he has been denied proper medical care for his condition. (Doc. 1, p. 13). He seeks "emergency" injunctive relief to be referred to a specialist for evaluation or surgery, as well as compensatory damages. (Doc. 1, p. 14).

## Motion for Leave to Proceed IFP

The allegations summarized above demonstrate that Plaintiff is suffering from a serious medical condition that has caused significant weight loss, physical deterioration, and pain, and his condition has not been diagnosed or effectively treated as of the time the Complaint was filed. His symptoms show no sign of abating and could become life-threatening. Based on these factual allegations, the Court concludes that Plaintiff has made a sufficient showing of imminent danger of serious physical injury to overcome the 3-strike bar.

It is therefore **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 5) is **GRANTED**. Plaintiff shall pay the **$350.00 filing fee** applicable to this civil action in installments. The amount of his initial partial filing fee shall be determined according to

the formula in 28 U.S.C. § 1915(b)(1) and shall be set forth in a separate order.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*,

577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claim for injunctive relief survives threshold review under § 1915A.

Based on the allegations of the Complaint, the Court finds it convenient to characterize the *pro se* action in a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment claim for deliberate indifference to medical needs, for Menard officials' failure to refer Plaintiff to a specialist for evaluation and/or treatment of his ongoing regurgitation of food and beverages, which has led to severe weight loss, pain, weakness, and other serious symptoms.

Count 1 shall proceed in this action as to Plaintiff's request for injunctive relief. As explained below, however, the Complaint fails to state a claim with respect to the request for money damages, and this portion of the claim shall be dismissed without prejudice.

**Discussion**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that

risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff's severe symptoms and drastic weight loss demonstrate that he is suffering from an objectively serious ailment. Turning to the subjective element, Plaintiff's narrative suggests that some of the medical practitioners may have been deliberately indifferent to his condition when they refused to provide him with diagnostic testing or a specialist referral, in light of his severe symptoms which have persisted over more than six months. Unfortunately, however, Plaintiff did not identify any of those individuals as Defendants in this action. An Unknown Party (Jane/John Doe) Defendant is listed on the docket sheet for this case, because Plaintiff included a Jane/John Doe Defendant in the caption of his motion seeking the appointment of counsel (Doc. 3). But the Complaint includes no allegations against a Jane or John Doe Defendant. As such, this party shall be dismissed from the action without prejudice. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (merely invoking the name of a potential defendant is not sufficient to state a claim against that individual).

The only other Defendant is the Menard Warden, who is named in her official capacity only. This is entirely appropriate where Plaintiff is seeking injunctive relief. *See Gonzalez v.*

*Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out). With respect to monetary damages, however, Plaintiff's claim fails against the Menard Warden in her official capacity. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Also, if Plaintiff were to sue the Warden in her individual capacity, she cannot be held liable for deliberate indifference unless she was "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). There is no supervisory liability in a Section 1983 civil rights action. And the allegations in the Complaint do not suggest that the Warden failed to take action after receiving Plaintiff's February 2018 emergency grievance; the response at that time indicated that Plaintiff was scheduled for a follow-up medical appointment. Therefore, at this time, Plaintiff's request for money damages shall be dismissed without prejudice.

Count 1 shall proceed only on Plaintiff's request for emergency injunctive relief.

## Disposition

Plaintiff's request for money damages against the Menard Warden in **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNT 1** shall proceed against the Menard Warden, in her official capacity only, for further review of Plaintiff's request for emergency injunctive relief.

The **UNKNOWN PARTY (Jane/John Doe)** is **DISMISSED** without prejudice for failure to state a claim against this party/parties upon which relief may be granted.

The Clerk is **DIRECTED** to add a docket entry reflecting that Plaintiff's Complaint contains a motion for preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65(a). (See Doc. 1, p. 14). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), this motion is hereby referred to United States Magistrate Judge Donald G. Wilkerson, who shall resolve the request for preliminary injunction as soon as practicable, and issue a Report and Recommendation. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Magistrate Judge Wilkerson.

The Clerk of Court shall prepare for the **WARDEN of MENARD (Official Capacity Only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the

Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 4, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**